Good afternoon, Your Honors. May it please the court. My name is David Leinbach from Schneider Wallace. I represent Plaintiff Appellant Isabel Franklin. With the court permission, I would like to reserve three minutes of rebuttal time, please. Thank you. The question of whether non signatories to an arbitration agreement may nevertheless enforce that agreement under an equitable estoppel theory is not a nuanced issue. In both the Ninth Circuit and the state of California, the rule is defined by a very bright line. Either the plaintiff's signatory to the agreement relies on the terms of the agreement and asserting her claims against the non signatory or not. It really is that simple. And while today appears to be the first time the Ninth Circuit has considered the equitable estoppel exception in the wage and hour context, it is not the first time this court has been asked whether statutory wage and hour claims are dependent on the terms of employment agreements. In other words, do not arise out of the contract, involve the interpretation of any contractual terms, or otherwise required there to be a contract in the first place. Counsel, as your friend has pointed out in his brief, Narayan was talking about a choice of law issue, not an arbitration issue, and was making a specific statement in connection with making a choice of law determination. And I don't see how that much advances your case here with regard to California law and equitable estoppel in the arbitration context. Thank you, Your Honor. So, yes, Narayan did concern a form selection clause, but the core issue in Narayan and this case are the same. Either these statutory wage and hour claims depend on interpretation or rely upon the employment agreement or not. So when we look at form selection clause cases, and you pointed this out in our brief, in a form selection clause case where the relevant language is relate to an agreement versus arise out of or requires interpretation of, the analysis in a form selection clause case dealing with arising out of or requiring interpretation of the contract, the inquiry is, is the plaintiff relying on the terms of the agreement? Do we have to interpret this agreement in order to evaluate the statutory wage and hour claims? Counsel, so clarify for me, and maybe you have already done this in your brief. Is it your position that we should just simply not follow Garcia because Garcia is just wrongly decided by the California Court of Appeal? Or is it your view that even if we followed Garcia, you still have a shot at our ruling your way in this case? The answer to that question is Garcia was wrongly decided, and it should not be followed. It can be distinguished, but in the sense that in Garcia, the and that fact played very heavily into Garcia's analysis. And in fact, that is a distinction that other district courts have relied upon in distinguishing Garcia. But that said, although although the court in Garcia also said with regard to another issue that Garcia can't avoid his obligation to arbitrate by artful framing as merely statutory, and you could say the same thing about artful framing by deciding not to sue a particular defendant. But you're going to tell me how it's distinguishable. Well, the way it was distinguishable was the fact that they were both party and the signatory and non signatories were both party defendants and alleged to be culpable for the wrongs that were committed. That's not the case here, and it's not artful pleading, Your Honor. The reason why the staffing agency is not a defendant in this case is they're not alleged to have done anything wrong. To the extent that they could be viewed as jointly and separately liable, it'd be entirely derivative of Fresno Hospital's conduct. No one's challenging an independent wrong being committed by U. S. S. I. But I would like to very briefly explain why Garcia was wrong. It relied on. It did not rely on Goldman. This court has adopted Goldman as the controlling standard in the Ninth Circuit for the equitable estoppel rule under California law. In Garcia, the court cited the scope of arbitrarability cases. So in saying, Well, it doesn't matter that the claim is just statutory versus contractual, because here's the Supreme Court law. Here's some California law that says these claims fall into the scope of arbitration agreements. But we're not, but but but but but counsel, even if in the abstract, if we were to have decided Garcia differently, if we were California judges, I mean, the California courts get to decide California law, not the Ninth Circuit. And, um, in Garcia, the petition for see another court of appeal case, which is directly contrary to Garcia. So if we adopted your view, um, that we were going to ignore Garcia, then there would be the kind of forum shopping and arbitration cases that were, uh, I think, explicitly part of the reason for Erie in the first place that wouldn't people be deciding federal or state forums based on whether they directly contrary to Goldman. And Goldman is the controlling standard in the Ninth Circuit and in California. Goldman relied requires that the claims rely on the terms of the contract. Garcia doesn't require that. So Garcia created the split of California authority. Goldman has always been the standard, and that's the standard that this court has already adopted. So I don't think it would encourage any forum shopping because that Garcia created the split California courts and any California Superior Court at this point could theoretically follow Goldman or Garcia require there to be the claims, as is the equitable stopper ruling. Every other court actually rely on the terms of the agreement, or they could decide to follow Garcia, which basically just says, as long as the claims are within the scope of an arbitration agreement, nothing more is required. But that's not the standard for equitable. Estoppel is not an issue of whether it just falls within the scope of the agreement. That is what Garcia based entire analysis on is the fact that that statutory claims can fall within the scope of broad arbitration agreements. That is not the equitable Estoppel rule, not in California, not the Ninth Circuit. It requires that you point to a term of the agreement and say, you are relying on this term. You are invoking the benefits of this contract and attempting to avoid the arbitration clause. But that is not the case here. That critical second step, it's the scope of the arbitration agreement, and then you have to see, are you relying on the terms? If I can reserve the remainder of my time for rebuttal, your honors. All right, unless Judge Wallace or Judge Bayer, you have questions which won't take out of Mr Lumbach's time. Not now. Thank you. All right, Mr Paley. Thank you, Your Honors. First, I have to mention that I think we're having some technical issues on my end of turning on the video. Working fancy. I do apologize. I've asked our tech people to see if they can figure that out. We can. We can. We can. We can see you, but there may be some background noise when you're talking. All right. Closer to the microphone. Ah, is that is that better in terms of the sound? Yes. Okay. Thank you. Good court should affirm the poor compelling arbitration because this case is just a straightforward application of Garcia. Garcia is very clear that says that a staffing agency employee can't read the benefits of a contract that allowed her to work with the staffing agency's client while at the same time attempting to avoid the arbitration provision of that contract. This is a fundamental issue of fairness. Here it would be unfair to allow Franklin to avoid her express agreement to arbitrate based upon frankly, article pleading that the decision to not make he's should not be rewarded as a basis to avoid patients. Um, if this case were in state court, there is no question that it would be compelled. Rolling in contrary to Miss Franklin's arguments, Garcia is and remains with law. It's been relied on by separate reports. It's been cited with approval by several court of appeal cases. Those are unpublished. Um, and the Supreme Court expressly declined to review or decouple the case when asked to do so. There's simply no reason to believe that Garcia is not controlling one state account. If anything, the facts here present a stronger argument for equitable stop in Garcia. In Garcia, can't counsel your your your friend, um, points to language in Leroy in the Ryan where the court said, looking at California law, while the contracts will likely be used as evidence to prove or disprove the statutory claims, the claims do not arise out of the contract involved the interpretation of any contract terms or otherwise require there to be a contract. So why isn't your friend correct that this is a binding statement on us of California law? And if if that's a true statement, it would equally apply here. And thus, equitable estoppel couldn't be applicable. Well, a couple of points your honor. First, Ryan is not an arbitration or an um, second, the statement there is frankly not correct statement of California law. Um, if you, for example, look at the Castillo case, Castillo states expressly the interest of a work site and a staffing agency are so intertwined as to put the work site and staffing agency in the same relationship. The litigation that is consistent with people in Garcia claims against the work site where we're rooted in a relationship with the staffing agents. And so here, the district court absolutely correctly found that the line contracting arbitration provision. In fact, in this instance, I do think it's important to recall that the only that we were talking about between Miss Franklin and U. S. S. I just the work being performed at the hospital. There is no other employment relationship to be discussed. It's not as if Miss Franklin was doing something else for us. Everything was for the hospital. And here the assignment agreement lays out all of the material terms of the relationship and the assignment at the hospital, including a rate to pay both for straight time and over time, as well as for coverage issues like orientation. Um, it specifically says that U. S. S. I is required to pre approve all over time. The hospital U. S. S. And importantly, as well, U. S. S. I and U. S. S. I alone, not the hospital, is responsible for issuing wage statements to Miss Franklin, which, the hospital didn't even know the rate of pain I was paying Miss Franklin. And so here the contract is integral to understanding both viability issue with regards to Miss Franklin's claims as well as the hospital's defenses. For example, with regards to wage statement claim, there are a number of court of cases cited as well by district courts that note that even in a joint appointment, that does not necessarily mean that a joint employer is for all claims alleged, specifically in the context of a wage statement claim where a hospital has no information as to what's being paid and no ability to it as the obligation issue a statement. Council, are there? Are there any? Are there any cases that have allowed a non signatory to compel arbitration with regard to a California statutory claim that you're aware of other than Garcia? Um, Garcia is the or, um, case in that regard, Your Honor. Um, in the staffing agency situation that leading case, I wouldn't know, though, that with regards to, um, Miss Franklin's argument, the Ninth Circuit has never authorized the equitable estoppel, um, with regards to a non signatory attempting to enforce the provisions of an arbitration agreement. Um, citing to the project upon a that, as we noted in our brief, is a descriptive, not a prescriptive statement. And, in fact, the Ninth Circuit's recent in right Pacific facility confirms that in fact, a non signatory can't enforce an arbitration provision by use of equitable estoppel. So fundamentally, what we have here, Your Honors, is the situation that is expressly disapproved by the California field. Um, the courts are the time again that the individual could not avoid their obligation of our great claims by arguing that they are simply statutory and not resound in contract. We know that from Garcia shirt for metal clad. Additionally, for example, if you look at the metal clad case, metal clad case expressly states that, um, a party arbitration agreement who attempts to avoid arbitration agreement by suing related parties agreement in the hopes that the claim is that party will be adjudicated first and have perclusive effect is not to be tolerated. And that's what we have here. There's simply no question is going on is an attempt to avoid the arbitration provision and as was mentioned earlier, Your Honor, um, if you were to adopt Franklin's view of the law, you would be set situation of laking foreign shopping, where they would be one rule in state court and another rule in federal court. That should not be the case. And frankly, there is simply no basis for this court should overturn Garcia should declare that Garcia is is bad law. Um, and I will stop there and any further questions, uh, family have. Oh, thank you, Counsel. Thank you. All right, Mr Lumbach, your rebuttal. Thank you, Judge Bennett. I'll start inversely from the points opposing counsel was raised, starting with the case. The medical case was a breach of contract case. So naturally, the claims relied on the terms of the contract. And even then, in medical ad, they were that was the threshold inquiry. Are you relying on terms of the contract? Yes, this is a breach of the question. You're claiming plaintiff in the class has a statutory right to time and a half for over time, right? Yes, you're on time and a half. On what basis? On what wage rate minimum wage or the wages get big? Well, the rule in California, your honor, is the regular rate of pay the regular way. You think? Now, the regular way she was getting paid. It is designated in the contract, but it doesn't rely on like Garcia. Your honor, this is virtually identical to the issue this court addressed in Murphy, where the defendant said, Well, you're seeking damages that relate to the price that you paid, and the price term is outlined in the agreements. Therefore, you have to look to the agreements to determine the price term, the damages. And the court said that that is not enough. While they might be used as evidence in the case, but they're not relying on the agreement and asserting the claim. And candidly, I don't need to look at the agreements to do damages. In this case, I could look at pay stubs, and at that point there's no even reference to the agreement. Um, turning very quickly to most of opposing counsel's arguments, the court asked for instance for or ask questions directed towards the equitable estoppel issue. Every one of Mr Paley's arguments dealt with agency. That is not something the court's even asked about. The questions that have been posed concern whether or not the rain was binding in terms of whether wage and our statutory wage and our claims arise out of a required interpretation of the contract. There was no answer to that. And in fact, Garcia got that question wrong as well. The California Court of Appeal and Elijah Wan also cited in our brief made very clear that wage and our claims do not arise out of a required interpretation of employment agreements. So on that point, California law and the Ninth Circuit law is uniform. Garcia is an outlier decision. It bases decision on scope of arbitraribility cases which have nothing to do with equitable estoppel. It made a decision that is directly contrary to the rain and Elijah one. Thank you, Your Honors. Thank you. We thank counsel for their helpful arguments in the case just argued will be submitted.
judges: Wallace, Bea, Bennett